**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4007**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MAURIO TAJARA MITCHELL, a/k/a Rio,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:16-cr-00111-D-1)

Submitted: August 31, 2018                    Decided: September 7, 2018

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Craig Hughes, LAW OFFICES OF D. CRAIG HUGHES, Houston, Texas, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maurio Tajara Mitchell appeals the 420-month sentence imposed following his guilty plea to conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, one kilogram or more of heroin, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2012); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h) (2012); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012); and distribution and possession with the intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(b)(1)(D). On appeal, Mitchell challenges the district court's drug weight findings and the substantive reasonableness of his sentence. For the reasons that follow, we affirm.

We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). In evaluating the procedural reasonableness of a sentence, we consider, among other things, whether the district court improperly calculated the Sentencing Guidelines range. *Id.* at 51. In making this assessment, we review "the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Fluker*, 891 F.3d 541, 547 (4th Cir. 2018).

The district court overruled each of Mitchell's objections to the drug quantities attributed to him by the probation officer. Because Mitchell did not introduce any evidence at sentencing, he failed to carry his burden of rebutting the factual allegations contained in the presentence report. *See United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017) ("[T]he defendant bears an affirmative duty to show that the information

2

in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate." (internal quotation marks omitted)). Accordingly, the district court was "free to adopt the findings of the presentence report without more specific inquiry or explanation." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (brackets and internal quotation marks omitted). We thus discern no procedural error in the calculation of Mitchell's Guidelines range.

If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a) (2012). "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). "Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.*

Here, the district court imposed a sentence within the correctly calculated Guidelines range. In explaining its sentencing decision, the court rejected Mitchell's argument that he used his illicit proceeds for altruistic purposes, observing that Mitchell not only ruined many lives by flooding his community with illicit substances, but also helped to fund violent gangs. *See* 18 U.S.C. § 3553(a)(1) (providing that sentencing court should consider nature and circumstances of offense). In addition, the court, aware of Mitchell's low criminal history score, nevertheless expressed serious concern that Mitchell would reoffend in light of his lengthy participation in the charged conspiracies.

3

*See* 18 U.S.C. § 3553(a)(2)(C) (providing sentencing court should consider need to protect public from further crimes of defendant). While Mitchell disputes these conclusions on appeal, his mere disagreement with the value or weight given to these sentencing factors does not demonstrate an inappropriate exercise of the district court's sentencing discretion. *See United States v. Susi*, 674 F.3d 278, 290 (4th Cir. 2012). The court also provided several other bases for its sentencing decision—such as the need to punish Mitchell and to afford adequate deterrence, *see* 18 U.S.C. § 3553(a)(2)(A), (B)—that Mitchell does not contest. We therefore conclude that Mitchell has failed to rebut the presumption of reasonableness accorded his within-Guidelines sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*